ALD-166                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1547
_____

IN RE:  LEON GREEN,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Cr. No. 1-13-cr-00210-006)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 16, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: May 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner, Leon Green, filed a petition for a writ of mandamus on March 9, 2015,

asking us to order the District Court to remove his counsel of record and to dismiss the

criminal charges against him.   Green contends that the District Court lacks jurisdiction

over him because he is a free Moorish American national and a member of the free

Moorish American Nation.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005)(quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996)(superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c)).

Green has not provided competent authority supporting his arguments. In addition, Green cannot show that he has no adequate means to obtain the desired relief. Green brought a motion to dismiss in the District Court based on the same arguments raised in his petition for a writ of mandamus. The District Court considered his arguments and denied that motion. Green also filed a pro se motion to have his counsel removed, which was denied. All of these issues are being addressed in the District Court and may be raised on appeal. Green may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).