**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4049
_____

IN RE:  LEON GREEN,
                                                Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 1-13-cr-00210-006)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 4, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: February 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

Leon Green, proceeding pro se, filed a document entitled "A Common Law Writ

of Error," which we have construed as a petition for a writ of mandamus.  In his petition

and supplemental filings, Green contends that the District Court lacks jurisdiction over

him because he is a free Moorish American and not subject to the laws and jurisdiction of

_____
[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the United States. He seeks to have us compel the District Court to: (1) dismiss the pending criminal charges against him, (2) reverse its ruling prohibiting him from filing pro se motions,[1] and (3) provide him with copies of all orders denying his motions in his criminal case.[2]

Mandamus is a drastic remedy that should be granted only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In this case, Green has cited no competent legal authority in support of his petition. In addition, he cannot show that he has no other adequate means to obtain relief. On at least two prior occasions, Green has sought the dismissal of the charges in the District Court using the same argument he now raises in his mandamus petition. The District Court denied those motions. He may obtain review of the issue on direct appeal

---

[1] In a supplement to his mandamus petition, Green seeks the reversal of the District Court's "interlocutory decree of the twelfth month of 2015 denying my right to demand a dismissal of charges." The only order listed on the docket in December 2015 involved the granting of a motion for a continuance. However, there is an annotation that certain pro se filings were deleted from the docket and sent to counsel, pursuant to a prior order prohibiting Green from making such filings while represented by counsel. We construe Green's supplement in this Court as seeking relief from the latter order. Green is not entitled to mandamus relief regarding that order because there is no right to hybrid representation. See United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012).

[2] Green's motion to amend is granted to the extent he seeks our consideration of the relief noted above.

once his criminal case is resolved.  See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").  He may not, however, use a mandamus petition as a substitute for the appeals process, see In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006), as we explained in our decision denying his previous petition for a writ of mandamus.  See In re Green, 601 F. App'x 79 (3d Cir. 2015).

Accordingly, we will deny the mandamus petition.  The "Motion to Proceed as Seaman and Without Cost to Suspend All Federal Rules of Appellate Procedure" is denied.